IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHYNNA MCDOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>BOSTON MARKET CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:25-cv-01907 |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.    INTRODUCTION**

Plaintiff, Chynna McDowell, by and through her attorneys, Bell & Bell, LLP, hereby files the instant Motion seeking entry of a Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Boston Market Corporation. Because the claim is not for a sum certain or a sum that can be made certain by computation, Plaintiff requests that the Court enter Judgment on the Default and thereafter hold a hearing to fix damages, punitive damages, attorneys' fees and costs, and such other relief as is deemed just and proper. Plaintiff hereby submits this Memorandum of Law in support of her Motion.

**II.    FACTUAL BACKGROUND**

This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Chynna McDowell, a former employee of Defendant Boston Market Corporation (hereinafter "BMC" or "Defendant"). Ms. McDowell alleges that she was discriminated against and harassed based on her sex and subjected to retaliation for her complaints about discrimination and harassment, culminating in her wrongful termination by Defendant.

Plaintiff's claims arise pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"), and the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq. ("PFPO").

Plaintiff pleads entitlement to all damages available under Title VII, the PHRA and the PFPO including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court shall deem just and proper.

Plaintiff filed the Complaint in this action against Defendant on April 14, 2025. (ECF Doc. No. 1). Plaintiff attempted to serve the Summons and Complaint on Defendant, but was initially unable to effect service, causing Plaintiff to seek additional time to serve the Summons and Complaint on Defendant by Motion. (ECF Doc. No. 6). The Court granted Plaintiff's Motion for additional time to make service on July 23, 2025. (ECF Doc. No. 7). Plaintiff served the Summons and Complaint upon Defendant on August 8, 2025 by serving Manager Bynhel Emile, a person in charge of Defendant's office or usual place of business. *See* Exhibit A, attached hereto. (ECF Doc. No. 8). Defendant's Answer or responsive pleading was due within twenty-one days of service of the Summons and Complaint. *See* Fed. R. Civ. P. 12 (a)(1)(A)(i). Defendant's Answer or responsive pleading was therefore due on or before August 29, 2025. *See* Fed. R. Civ. P. 12 (a)(1)(A)(i). As of today, October 24, 2025, Defendant has not indicated an intent to plead or otherwise defend, nor filed an Answer or other responsive pleading.

On September 17, 2025, Plaintiff requested that the Clerk of Court enter Default against Defendant. (ECF Doc. No. 9). On September 18, 2025, the Clerk of Court entered Default Against Defendant for its failure to appear, plead or otherwise defend. (ECF Doc. No. 10).

Plaintiff is now seeking the entry of Judgment on the Default and requesting that the Court hold a hearing to determine the damages and amount of Judgment including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs and any other damages available pursuant to Title VII, the PHRA and the PFPO, and such other relief as this Court shall deem just and proper.

## III.  LEGAL ARGUMENT

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment in cases where the defendant is not "an infant or incompetent person." Here, the Defendant is not known to be an infant or incompetent person.

In *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), the Third Circuit Court of Appeals observed that, when entertaining an application for a Judgment by Default, a district court should consider the existence of "prejudice to the plaintiff if default is denied," as well as "whether the defendant appears to have a litigable defense." In this case, Plaintiff will be prejudiced if Default is not entered.

Defendant has failed to appear, move, plead or otherwise defend. Since the Defendant has not submitted any responsive pleading or otherwise appeared, the Court can and should assume that Defendant has no litigable defense. *See Spencer v. Frank*, 88-1413, 1990 WL 99110 (E.D. Pa. 1990) (assuming where plaintiff failed to respond to defense's contention that plaintiff has no cognizable defense).

## IV.  CONCLUSION

In light of the foregoing, Plaintiff respectfully requests the entry of Judgment on the Default and requests that a hearing be held to determine the amount of the Judgment including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs and any

3

other damages available pursuant to Title VII, the PHRA and the PFPO, and such other relief as this Court shall deem just and proper.

Respectfully submitted,

*/s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 JFK Blvd. – Suite 1020
Philadelphia, PA 19103
(215) 569-2500

*Attorneys for Plaintiff*

Dated: October 24, 2025